## PHILADELPHIA RAPID TRANSIT CO. v. ALCORN.

(Circuit Court of Appeals, Third Circuit.  June 30, 1920.)

No. 2544.

1. Carriers ⊙═287(5)—Carrier owes one invited to become passenger the duty of care for his safety.

A carrier, who invites passengers to enter its car, owes one so invited two duties: First, to cause the car to remain stationary long enough for her to board it in safety; and, second, if for any reason admission is denied, and the prospective passenger is left in a place of danger, to start the car forward with reference to danger and with due care for safety.

2. Carriers ⊙═247(3), 280(1)—One boarding car which had opened its gates becomes a passenger.

Where the carrier stopped its car and opened its doors, inviting passengers to enter, plaintiff, who accepted the invitation by endeavoring to board the car, created the relation of passenger and carrier, and defendant owed her the duty to exercise the highest degree of care which the law exacts of a carrier toward its passengers, without, of course, relieving plaintiff of the duty to exercise due care for her protection.

3. Carriers ⊙═320(9)—Negligence in starting car as to one desiring to become passenger held for jury.

In an action for injuries suffered by a prospective passenger when the door of a street car she was attempting to board was closed and the car started, though she was standing close, evidence as to the closing of the door and the catching of plaintiff's person when the car was suddenly started held sufficient to take to the jury the question of the carrier's negligence.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Action by Anna Alcorn against the Philadelphia Rapid Transit Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Harold B. Beitler, of Philadelphia, Pa., for plaintiff in error.

Latimer P. Smith, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and HAIGHT, Circuit Judges.

WOOLLEY, Circuit Judge.  The plaintiff brought this action to recover damages for personal injuries occasioned by negligence of the defendant. The court refused the defendant's motion for a directed verdict and submitted the case. The jury found for the plaintiff. By this writ the defendant charges error to the court in refusing its motion and in entering judgment on the verdict. The questions raised are these: Do the allegata and probata agree? What was the proximate cause of the injury? Was the defendant negligent? Was the plaintiff negligent? As we regard the case the single question raised by this writ of error is: Whether the facts as established by the finding of the jury prove the cause of action declared on, and, accordingly, sustain the verdict.

The facts of the case as established on the plaintiff's evidence—the defendant having offered none—are briefly these:

Anna Alcorn, an aged woman, was the last one of a number of persons endeavoring to board a pay-as-you-enter car of the defendant street railway company. The others got aboard; but when she was about to step up, the motorman, without looking toward her (though she was in clear view), closed the doors, leaving her standing so close to the car that her dress touched the steps. Without moving her position, she promptly raised her left arm signalling the motorman through the closed glass doors her desire to enter. Immediately upon closing the doors and still without looking toward her and without giving her time to step back, the motorman started the car. The motorman's act of closing the doors, the plaintiff's act of signalling the motorman, and the motorman's last act of starting the car are described as instantaneous. They were, of course, not literally so; but evidently each act followed the other in rapid succession. As the car started ahead, its body or a projecting hand rail struck the elbow of the plaintiff's uplifted arm, causing her to be thrown to the ground and to sustain the injuries of which she complained.

From this brief statement of facts, the relation of the parties and their duty one to the other appear.

[1] The defendant was a common carrier, and on stopping its car and opening its doors it invited the plaintiff to become its passenger. Then there devolved upon the defendant two duties: One, to cause the car to remain stationary long enough for her to board it in safety; and the other (if for any reason it denied her admission and left her in a place of danger into which she had entered upon its invitation), to start the car forward with due regard to the danger of her position and due care for her safety.

[2] Acceptance by the plaintiff of the defendant's invitation to become a passenger, as indicated by her position at the door and her endeavor to board the car, brought her within the protection of the carrier and constituted her its passenger; raising in the defendant that high degree of care which the law exacts of a carrier toward its passengers, without of course relieving her of the care which the law required her to exercise for her own protection.

[3] The law being familiar and the facts established, did the plaintiff show a cause of action by her pleading and sustain it by the evidence?

The plaintiff charged the defendant with several duties: First, to stop the car at a suitable place; second, to keep it stationary long enough for passengers to enter in safety; and, third, to use such care in starting the car that passengers left in close proximity shall not be injured. There can be no question that a carrier owes these duties to its passengers.

For breach of these duties, the plaintiff averred: First, that the defendant did not stop its car long enough for her to enter it in safety; and, second, that it did not use proper care in starting the car, in that it started it suddenly and prematurely, and, therefore, negligently, so as to strike her while she, in the exercise of due care, was attempting to board it.

The defendant's failure to perform its duty to hold the car long enough for the plaintiff to enter did not result in the usual case of injury to a person while boarding a car prematurely started; yet the averment of this duty and its breach have none the less a bearing on the defendant's liability for its subsequent act of suddenly starting the car; for the short stop and premature closing of the doors—a signal that the stop had ended—while not directly inflicting the injury, were acts which indirectly contributed to it by leaving the plaintiff in a place of danger. Thus in putting the plaintiff in a place of danger by invitation to enter the car and by withdrawing the invitation before she could fully comply with it, there devolved upon the carrier in starting the car thereafter the duty to use care toward her in sufficient measure to protect her from the perils of the position in which first it had placed her and then had left her. True, folding doors of a modern street car are provided by carriers for the protection of passengers, and tend greatly to prevent accidents in boarding cars. But the plaintiff here was not injured while boarding the car. She was injured after she had been brought to the car on the carrier's invitation of open doors—a place of safety so long as the car stood still, but a place of danger the instant it started—and after she had been refused admission by the sudden and premature closing of the doors—an act which in itself may have involved negligence. Therefore merely to provide doors and to close them does not constitute the full measure of a carrier's duty to its passengers howsoever positioned. Whether the defendant carrier in this case did exercise such care toward the plaintiff in the position in which it had placed her and had left her, and whether the plaintiff properly cared for herself in the situation, were, it seems to us, questions of fact properly submitted to the jury under appropriate instructions by the trial judge. It further appears that the facts on which the breach of duty was predicated were sufficient to prove the negligence charged and to sustain the verdict rendered.

The judgment below is affirmed.